UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No. 2:20-cv-00399-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| P. GARCIA, JACKSON, BARUN, FIGUEROA, LAZO, and YANG, | |
| Defendants. | |

This matter is before the Court on remand from the Ninth Circuit regarding Plaintiff Daronta Tyrone Lewis's ("Plaintiff") Notice of Appeal (ECF No. 15), in which he alleges he did not receive notice of entry of judgment. (*See* ECF No. 20 at 1.) Construing Plaintiff's Notice of Appeal as a Motion to Reopen the Time to Appeal pursuant to Federal Rule of Appellate Procedure ("Rule") 4(a)(6), the Ninth Circuit stayed proceedings in the pending appeal and remanded the matter to this Court for the limited purpose of resolving the Motion to Reopen. (*See* ECF No. 20 (citing *U.S. v. Withers*, 638 F.3d 1055 (9th Cir. 2011).) After carefully considering the Ninth Circuit's instructions and Plaintiff's arguments, the Court GRANTS Plaintiff's Motion.

///

///

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se*, initiated this civil rights action on February 21, 2020, pursuant to 28 U.S.C. § 1983. (ECF No. 1.) On February 26, 2020, the magistrate judge issued an Order directing Plaintiff to submit an application to proceed *in forma pauperis*. (ECF No. 2.) This Order was served on Plaintiff at the address on file with the Court but was returned as "Undeliverable, Out to Court over 7 days" on March 11, 2020. (*See* docket, No. 2:20-cv-00399-TLN-DMC.) On March 12, 2020, the Order was re-served on Plaintiff. (*See id.*) However, it was again returned as "Undeliverable, Out to Court over 7 days" on March 30, 2020. (*See id.*)

On April 27, 2020, the magistrate judge issued Findings and Recommendations, recommending dismissal of the action for failure to prosecute and failure to comply with Court rules and orders. (ECF No. 6.) The Findings and Recommendations were served on Plaintiff but were also returned as "Undeliverable, [Return to Sender ("RTS")], Out to Court." (*See* docket, No. 2:20-cv-00399-TLN-DMC.)

On June 16, 2020, the Court adopted the Findings and Recommendations in full and dismissed the action. (ECF No. 7.) Judgment was entered the same day. (ECF No. 8.) The Order of Dismissal and Judgment were both served on Plaintiff on June 16, 2020. (*See* docket, No. 2:20-cv-00399-TLN-DMC.) These filings were returned as "Undeliverable, Return to Sender, Not Deliverable as Addressed" on June 29, 2020. (*See id.*)

On August 19, 2020, Plaintiff filed a Notice of Change of Address, which reflected Plaintiff's new address at the West County Detention Facility in Richmond, California.[1] (ECF No. 9.) In his proof of service, Plaintiff asserts he attempted to file this same Notice multiple times, on April 30, 2020, May 21, 2020, June 1, 2020 and August 19, 2020. (*Id.* at 2.)

///

---

[1] Unless otherwise noted, all filing dates noted herein with respect to Plaintiff's filings were determined pursuant to the prison mailbox rule and do not reflect the date the filing was entered on the docket. *See Houston v. Lack*, 487 U.S. 266, 274 (1988) (under the "prison mailbox rule," a court document is deemed filed as of the date the prisoner delivers it to prison officials to be mailed to the court).

On November 25, 2020, Plaintiff filed another Notice of Change of Address, indicating his address had changed to the California Health Care Facility ("CHCF") in Stockton, California. (ECF No. 14.) That same day, Plaintiff filed the instant Notice of Appeal (ECF No. 15), which the Court construes as a Motion to Reopen the Time to Appeal pursuant Rule 4(a)(6), in accordance with the Ninth Circuit's instructions. (*See* ECF No. 20.)

## II.  STANDARD OF LAW

Under Rule 4(a)(1)(A), a notice of appeal is timely if it is filed within 30 days after the entry of the order or judgment that is the subject of the appeal. Fed. R. App. P. 4(a)(1)(A). Here, Plaintiff filed his Notice of Appeal 162 days after the entry of the Order of Dismissal and Judgment. (*See* ECF Nos. 7–8, 15.) The Notice of Appeal is therefore untimely under Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(1)(A). Nevertheless, where a notice of appeal is untimely under Rule 4(a)(1)(A), an appellant may seek to reopen the time to file an appeal under Rule 4(a)(6).

Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;[2]
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The purpose of Rule 4(a)(6) is to "soften the harsh penalty of losing one's right to appeal due to the government's malfeasance in failing to notify a party of a judgment." *Arai v. Am.*

---

[2]  Pursuant to Federal Rule of Civil Procedure 77(d): (1) the Clerk of the Court must immediately serve notice of the entry of judgment on every party and record the service on the docket and (2) "lack of notice of the entry does not affect the time for appeal or relieve — or authorize the court to relieve — a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d).

*Bryce Ranches, Inc.*, 316 F.3d 1066, 1070 (9th Cir. 2003); *see also Sanders v. U.S.*, 113 F.3d 184, 187 (11th Cir. 1997) (noting it would be unjust to deprive a *pro se* litigant the opportunity to appeal an order where "through no fault of his own," he did not receive notice of the order). The district court's discretion to deny a motion to reopen is limited, in the sense that it may not consider the underlying merits of the appeal or the concept of "excusable neglect" (from Rule 4(a)(5)), but must apply the requirements identified in Rule 4(a)(6). *Arai*, 316 F.3d at 1070. Indeed, "where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *Withers*, 638 F.3d at 1061–62 (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796, 798 (9th Cir. 1995)).

### III. ANALYSIS

Consideration of the Rule 4(a)(6) factors support granting Plaintiff's Motion to Reopen Time to Appeal.

Plaintiff alleges in multiple filings — including his Motion to Reopen — that prison staff habitually tampered with, destroyed, and withheld his legal mail. (*See* ECF No. 10 at 1; ECF No. 11 at 1; ECF No. 12 at 1; ECF No. 13 at 1; ECF No. 15 at 1.) The Court construes these allegations as an assertion that Plaintiff did not receive timely notice of either the June 16, 2020 Order of Dismal or the entry of Judgment. Fed. R. App. P. 4(a)(6)(A). This assertion is bolstered by the docket entries indicating Plaintiff's mail was consistently returned to the Court as "Undeliverable." (*See* docket, No. 2:20-cv-00399-TLN-DMC); *see also* Fed. R. App. P. 4(a)(6)(A); Fed. R. Civ. P. 77(d). Further, Plaintiff's assertion is unchallenged at this time. *See Withers*, 638 F.3d at 1061–62. Thus, condition (A) of Rule 4(a)(6) is satisfied.

As to condition (B), Plaintiff does not indicate the date on which he received actual notice of the entry of Judgment in any of his filings, nor does the docket reveal this information (as the majority of the Court's orders served on Plaintiff were returned as "Undeliverable, Out to Court"). However, Plaintiff filed the instant Motion within 180 days of the entry of the Order of

///

Dismissal and Judgment. (*See* ECF Nos. 7–8, 15.) Therefore, condition (B) of Rule 4(a)(6) has also been satisfied.[3]  Fed. R. App. P. 4(a)(6)(B).

Finally, condition (C) is not at issue at this time. Upon entry of judgment, the underlying action was still in the earliest stage of litigation. None of the named Defendants had yet been served with the Complaint, and the Court does not ascertain any prejudice would result from granting Plaintiff's Motion. Fed. R. App. P. 4(a)(6)(C). Based on these considerations, the Court finds the requirements of Rule 4(a)(6) have been satisfied and granting Plaintiff's Motion is justified.

### IV. CONCLUSION

In light of the foregoing, Plaintiff's Motion to Reopen the Time to Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) is hereby GRANTED. (ECF No. 15.)

In accordance with the Ninth Circuit's February 16, 2021 Order (ECF No. 20), the Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit and Plaintiff does not need to file a new notice of appeal.

IT IS SO ORDERED.

DATED:  February 19, 2021

Troy L. Nunley
United States District Judge

---

[3] The Court additionally notes the documents served on Plaintiff were returned as undeliverable because Plaintiff was "Out to Court," and not necessarily due to an actual change in address or failure to timely apprise the Court of a new address. Indeed, Plaintiff's multiple subsequent filings suggest that Plaintiff, in fact, attempted to timely keep the Court apprised of his current mailing address. Thus, the Court is satisfied that Plaintiff's failure to receive notice of both the Order of Dismissal and entry of Judgment was "through no fault of his own." *Sanders*, 113 F.3d at 187. This, too, supports the Court's finding that granting Plaintiff's Motion is appropriate.