**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. MURPHY, et al.,<br><br>　　　　Defendants. | No. 2:20-CV-0399-TLN-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff initiated this action with a pro se civil rights complaint filed on February 21, 2020. See ECF No. 1. On February 26, 2020, the Court directed Plaintiff to resolve the fee status for this case within 30 days. See ECF No. 3. As of April 27, 2020, Plaintiff had failed to comply, and the undersigned recommended the case be dismissed for lack of prosecution and failure to comply with court rules and orders. See ECF No. 6. On June 16, 2020, the District Judge adopted the findings and recommendations in full and judgement was entered. See ECF Nos. 7, 8. Throughout this time, mail directed to Plaintiff at his address of record was returned undelivered.

///

///

On December 4, 2020, Plaintiff filed a notice of appeal from the Court's final judgment entered on June 16, 2020. See ECF No. 15. On February 6, 2021, the Ninth Circuit Court of Appeals remanded the matter back to this court for the limited purpose of determining whether Plaintiff was entitled to an extension of time to appeal. See ECF No. 20. On February 22, 2021, the District Judge issued an order granting the time to re-open the time to appeal. See ECF No. 21. On January 26, 2022, the Ninth Circuit issued a memorandum disposition vacating the June 16, 2020, judgment and remanding the matter for further proceedings. See ECF No. 22. The appellate court's mandate issued on February 17, 2022. See ECF No. 23.

Upon return of jurisdiction to this court, Plaintiff was again directed to resolve the fee status for this case. See ECF No. 25. Plaintiff then filed a motion for leave to proceed in forma pauperis, see ECF No. 34, which was granted on April 20, 2022, see ECF No. 35.

While Plaintiff's appeal was pending, Plaintiff filed in this court a first amended complaint on December 14, 2020. See ECF No. 19. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff's original complaint was filed on February 21, 2020. No answer was filed. Any amendment as of right under Rule 15 was due within 21 days of this date, or by March 13, 2020. Plaintiff's first amended complaint was not filed until December 14, 2020 – eight months past the deadline. Because Plaintiff did not obtain leave of Court prior to filing the

///
///
///
///
///

first amended complaint, it will be stricken.  The Court will address the sufficiency of Plaintiff's original complaint by separate order.

IT IS SO ORDERED.

Dated:  August 16, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3