IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>P. GARCIA, et al.,<br><br>    Defendants. | No. 2:20-CV-0399-TLN-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are: (1) Plaintiff's motions for leave to file a first amended complaint, ECF Nos. 52, 56, and 58; and (2) Plaintiff's motions for issuance of a screening order, ECF Nos. 54, 60, 61, and 62.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties.  See Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff properly seeks leave of court to file a first amended complaint because more than 21 days have passes since Plaintiff filed his original

complaint.

Where leave of court to amend is required and sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

While the precise bases for Plaintiff's requests for leave to amend are not quite certain, it appears that Plaintiff seeks leave to amend in order to clarify the allegations contained within the original complaint, specially concerning possible statute of limitations issues and possible joinder of additional defendants and/or claims.  Though Plaintiff has not submitted a proposed first amended complaint, in the interest of justice and given Plaintiff's pro se status, the Court will permit Plaintiff to file a first amended complaint and will address the sufficiency thereof by separate order once a first amended complaint is filed.  As to other factors outlined above, there is no indication of delay and, given that no defendants have been served or appeared in the action, there is no likelihood of prejudice in allowing amendment at this time.

Plaintiff's motions for screening, ECF Nos. 54, 60, 62, and 62, will be granted, and the Court will at its earliest opportunity following the filing of a first amended complaint issue a separate screening order as required under the Prison Litigation Reform Act of 1996. Plaintiff is cautioned that if no first amended complaint is filed within the time permitted therefor, the Court will screen Plaintiff's original complaint.

/ / /

/ / /

/ / /

/ / /

1         Accordingly, IT IS HEREBY ORDERED as follows:

2         1.     Plaintiff's motions for leave to amend, ECF Nos. 52, 56, and 58, are
3 GRANTED.

4         2.     Plaintiff may file a first amended complaint within 30 days of the date of
5 this order.

6         3.     Plaintiff's motions for issuance of a screening order, ECF Nos. 54, 60, 61,
7 and 62, are GRANTED.

9 Dated:  January 23, 2024

                                           DENNIS M. COTA
                                           UNITED STATES MAGISTRATE JUDGE