1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DARONTA TYRONE LEWIS,                     No.  2:20-CV-0399-TLN-DMC-P

12                    Plaintiff,

13          v.                                  ORDER

14    P. GARCIA, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of

19    counsel, ECF Nos. 95 and 97.  Also before the Court is Plaintiff's request for enforcement of

20    liens, ECF No. 95, as well as Plaintiff's multiple requests for issuance of a screening order, ECF

21    Nos. 82, 96, 99, 103, and 104.

22          The United States Supreme Court has ruled that district courts lack authority to

23    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

24    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the

25    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

26    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

27    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

28    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is warranted because: (1) Plaintiff suffers from mental health conditions preventing him from focusing, (2) Plaintiff lacks the resources to investigate his claim, and (3) Plaintiff requires assistance to serve defendants and facilitate discovery. See e.g. ECF No. 97.  The Court finds that these are largely typical circumstances of inmates pursuing litigation in federal court and are not exceptional. As to Plaintiff's claim of mental health conditions which prevent him from pursuing this litigation on his own, Plaintiff has not provided evidence of any mental health diagnoses or what, if any, limitations are attached to his alleged mental health issues.  Further, a review of the docket reflects that Plaintiff has been able to articulate his claims on his own through numerous filings presented without the assistance of counsel.  Finally, at this stage of the proceedings, before an answer has been filed and before any discovery has been conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits.

Plaintiff's motion at ECF No. 95 also contains a request for the Court to enforce "liens served on defendants."  Plaintiff has not, however, provided any documentation or citation to authority in support of this request, which will be denied.

Finally, Plaintiff has filed numerous requests for a screening order.  These requests will be granted, and by separate order the Court will address the sufficiency of Plaintiff's first amended complaint filed on February 15, 2024.

/ / /

2

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's requests for the appointment of counsel, ECF Nos. 95 and 97, are denied.

2.      Plaintiff's request for the enforcement of liens, ECF No. 95, is denied.

3.      Plaintiff's request for a screening order, ECF Nos. 82, 96, 99, 103, and 104, are granted and the Court will address Plaintiff's amended complaint separately.

Dated:  May 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE