IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No. 2:20-CV-0399-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| P. GARCIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for clarification. See ECF No. 77. Also before the Court are the following motions collectively seeking leave to file a second amended complaint. See ECF Nos. 86, 87, 90, and 92.[1]

/ / /

---

[1] Plaintiff's filing at ECF No 86 has been docketed as a motion for preliminary injunctive relief as well as a motion for leave to amend. The Court has reviewed Plaintiff's motion and finds that no request for injunctive relief has been presented. It appears the docket annotation is based on Plaintiff's statement in the top right corner of the first page of the hand-written document as follows: "Emergency Judicial Notice Requested." Because injunctive relief is not requested, the undersigned's order herein will resolve ECF No. 86.
Plaintiff's filings at ECF No. 90 and 92 have been docketed as motions to file and/or submit supplemental pleadings. A review of these filings, however, does not reflect an intent to supplement under Federal Rule of Civil Procedure 15 by way of adding allegations concerning events which have occurred since filing of the original complaint. Instead, Plaintiff states in these filings that he seeks to amend to add a specific amount claimed in compensatory damages.

The Court first addresses Plaintiff's motion for clarification.  In the motion, filed on February 5, 2024, Plaintiff states that he has not received legal mail from the Court and seeks clarification as to whether the Court received a recent notice of change of address and whether the Court has issued a screening order.

As to the former matter for clarification, Plaintiff is advised that the Court has received recent notices of changes of address, the most recent filed on March 8, 2024, indicating a current address at High Desert State Prison.  See ECF No. 102.  Just in 2024 so far, other notices of change of address were filed with the Court on March 25, 2024, March 11, 2024, March 4, 2024, February 27, 2024, February 12, 2024, February 7, 2024, January 18, 2024, and January 8, 2024.  Numerous others have been filed since this case's inception in 2020.  The reasons behind Plaintiff's numerous transfers are not before the Court.

As to the latter matter about which Plaintiff seeks clarification, without engaging in a lengthy and tedious discussion of the procedural history for this case, which would of necessity span sever pages, it suffices to say that no screening order addressing the sufficiency of Plaintiff's claims has yet been issued.  This is largely because, due to delays caused by Plaintiff himself, the state of the pleadings remains in its infancy.  After years of non-compliance with prior orders, returned mail, closing of the case due to lack of prosecution, an appeal to the Ninth Circuit, and re-opening of the case, on January 23, 2024, the Court granted Plaintiff leave to file a first amended complaint.  See ECF No. 69.  Plaintiff promptly filed a first amended complaint on February 15, 2024.  See ECF No. 84.

Almost immediately thereafter, on February 20, 2024, Plaintiff filed the first of the pending motions seeking leave to further amend, with the last such motion filed on March 4, 2024.  Throughout March and April 2024, Plaintiff filed six other motions, which were addressed in the Court's most recent order issued on May 15, 2024.  See ECF No. 105.

Notwithstanding the procedural history of this case, to provide Plaintiff the fullest opportunity of access to this Court, and given Plaintiff's pro se status, Plaintiff will be given one final opportunity to clearly state his claims in a further (second) amended complaint.

/ / /

1    The Federal Rules of Civil Procedure provide that a party may amend his or her complaint within 21 days after service of a responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff properly seeks leave of court to file a second amended complaint because the Court construes Plaintiff's pending motions as his first request to amend after previously amending as of right.[2]

    Where leave of court to amend is required and sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

    As with Plaintiff's previous motions for leave to amend, the precise bases for Plaintiff's current requests are not quite certain.  It appears that Plaintiff seeks leave to further amend in order to clarify the allegations contained within the original and first amended complaints.  See ECF No. 86.  Plaintiff also states in the pending motions that he seeks to amend to add a specific amount sought in compensatory damages.  See ECF Nos. 87, 90, and 92.  While Plaintiff states that he has submitted a proposed amended complaint attached to his filing at ECF No. 86, the allegations and claims contained in this filing are hopelessly disjointed and mixed in terms of reasons for leave to amend and allegations in a proposed amended complaint.  In this

---

[2] While the Court granted Plaintiff's prior motions for leave to amend, the first amended complaint could arguably have been filed as of right without leave of court because, at the time leave to amend was previously sought and granted, no responsive pleading or motion had been filed.  In any event, the Court freely provided Plaintiff an opportunity to amend without restriction, and Plaintiff did so with the filing of the first amended complaint.  To avoid any possible prejudice to Plaintiff, the Court will presume that Plaintiff's first amended complaint was filed as of right under Rule 15.  Plaintiff's current motions seeking leave to file a second amended complaint will be evaluated in this context.

regard, the Court notes that the purported proposed amended complaint is not submitted on the approved form for prisoner civil rights complaints.

Though Plaintiff has not submitted a proposed first amended complaint on the approved form, considering the factors outlined above and given Plaintiff's pro se status, the Court will grant Plaintiff's various pending motions for leave to amend and permit Plaintiff a final opportunity to present his claims in a single second amended complaint. In doing so, the Court provides guidance by way of the principles set forth below.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

In the amended complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

Finally, Plaintiff is cautioned that, because this case must proceed, if no second amended complaint is filed within the timed permitted in this order or any order granting additional time for good cause shown, the action will proceed on Plaintiff's first amended complaint filed on February 15, 2024.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for clarification, ECF No. 77, is GRANTED insofar as the Court's prior orders and the procedural history of this case are explained above.

2. Plaintiff's motions for leave to file a further (second) amended complaint, ECF Nos. 86, 87, 90, and 92, are GRANTED.

3. Plaintiff may file a second amended complaint on the form provided within 30 days of the date of this order.

4. The Clerk of the Court is directed to provide Plaintiff with the form for civil rights complaints by state prisoners.

5. If no second amended complaint is filed within the time permitted therefor, this action shall proceed on Plaintiff's first amended complaint, ECF No. 84, filed on February 15, 2024.

6. The Clerk of the Court is directed to terminate ECF Nos. 77, 86, 87, 90, and 92 as pending motions.

Dated: June 12, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE