1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DARONTA TYRONE LEWIS,                     No.  2:20-CV-0399-TLN-DMC-P

12              Plaintiff,

13        v.                                   ORDER

14   P. GARCIA, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second complaint.  See ECF No. 110.

19   Also before the Court are Plaintiff's motions requesting a screening order.  See ECF Nos. 122,

20   123, 124, 126, 127, 131, 132, and 133.

21              The Court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

24   initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

25   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

26   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

27   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

28   28 U.S.C. § 1915A(b)(1), (2).

                                              1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, who is currently an inmate at Salinas Valley State Prison, asserts claims against the following defendants: (1) Laura Eldridge – Warden at the California Health Care Facility (CHCF); (2) R. Burton – Second Warden at CHCF; (3) Terri Weinholtz – Facility Captain at CHCF; (4) Obanuru Ratliff – Facility Captain at CHCF, (5) Thomas – Correctional Lieutenant at CHCF, (6) Ramos – Supervising Sergeant at CHCF, (7) Horton – Associate Warden at CHCF, (8) Burns – Supervising Sergeant at CHCF, (9) P. Garcia – Correctional Officer at CHCF, (10) Jackson – Correctional Officer at CHCF, (11) Figueroa – Correctional Officer at CHCF, (12) Lazo – Correctional Officer at CHCF, (13) D. Yang – Correctional Officer at CHCF, (14) California Department of Corrections and Rehabilitation (CDCR), (15) Connie Gipson – Director of the CDCR, (16) Jeffrey McComber – Secretary of CDCR, and (17) Howard Moseley – Associate Director of the CDCR Office of Appeals. See ECF No. 110, pgs. 1-8. Plaintiff alleges three claims for relief.

/ / /

/ / /

/ / /

/ / /

1      <u>Claim I</u>

2      Plaintiff's first claim alleges an Eighth Amendment violation due to excessive

3 force by Defendants. <u>See id.</u> at 10. Plaintiff alleges that when he arrived at CHCF on September

4 11, 2019, the intake lieutenant (unnamed) stated, "they gone get you" because Plaintiff was going

5 to "E.1.A" Enhanced Outpatient Program (EOP) mental health administrative segregation (ad

6 seg) with a Prison Rape Elimination Act (PREA) claim on a Deuel Vocational Institution (DVI)

7 lieutenant Thompson. <u>Id.</u> at 11. Plaintiff asserts that Defendants Garcia and Burns "unlawfully"

8 used handcuffs to front cuff Plaintiff and stated, "we got you a warm welcome to CHCF E.1.A

9 E.O.P mental health ad-seg." <u>Id.</u> at 12. Plaintiff alleges that he complied with a strip search

10 ordered by "six" Defendants which identified themselves as "medical assistants." <u>Id.</u> During this

11 strip search, Plaintiff contends Defendant Garcia stated, "we [have] been waiting on this nigger"

12 and put Plaintiff in a "deadly force choke hold" while Defendant Jackson pulled a "spit mask"

13 over Plaintiffs head which restricted his breathing. <u>Id.</u> at 12-13. Plaintiff alleges that Defendants

14 Jackson and Garcia punched Plaintiff causing blurred vision and bleeding from Plaintiff's nose

15 and mouth. <u>See id.</u> Plaintiff claims that Defendant Burns "stomped" on Plaintiff's ankle and

16 ordered Defendants Yang and Lazo to restrain Plaintiff's body to the ground. <u>Id.</u> Plaintiff alleges

17 that Garcia stated, "you filed a sick filthy 602 PREA claims…you['re] a liar nigger and faggot so

18 we gone show you how much we hate faggots" and commenced a "rectum cavity search" of

19 Plaintiff. <u>Id.</u> at 14. Plaintiffs asserts the Defendants, also referred to as the "brutal six, nine-eleven

20 greenwall terror gang," caused physical injury, embarrassment, and "suicide-ideation." <u>Id.</u>

21      <u>Claim II</u>

22      Plaintiff's second claim alleges an Eighth Amendment violation against

23 Defendants due to a violation of a PREA. <u>See id.</u> at 17. Plaintiff alleges that on September 11,

24 2019, Defendants Lazo, Yang, Figueroa, and Jackson conducted a rectum cavity search on

25 Plaintiff and made Plaintiff declare he was gay. <u>See id.</u> at 18. Plaintiff contends this was in

26 response to filing a PREA claim against a lieutenant at a difference prison. <u>See id.</u> at 17. As a

27 result of this conduct, Plaintiff asserts he sustained psychological damages. <u>See id.</u>

28 / / /

3

1         Claim III

2               Plaintiff's third claim alleges First Amendment violations against Defendants for

3 retaliation, as well as Eighth Amendment violations against Defendant Garcia. See id. at 20.

4 Plaintiff asserts that Defendants Thomas and Ramos were sending Plaintiff back to E.1.A E.O.P

5 for the "sole purpose" of retaliation against Plaintiff for filing a 602 PREA claim against

6 Defendant Garcia. Id. Plaintiff claims that Defendants Weinholtz, Ratliff, Horton, and Eldridge

7 authorized the unit housing change. See id.  Plaintiff asserts that Defendant Ramos was enforcing

8 an "underground policy" of the "brutal six, nine-eleven greenwall terror gang." Id. at 21.

9               Plaintiff alleges that on January 1, 2021, Plaintiff returned to E.1.A E.O.P and

10 Defendant Garcia threatened him by stating, "take these razors, cut your vein open on [the] left

11 disabled arm with [the] broke[n] wrist and swallow one to kill yourself or else I [will] make you

12 die a worse and sicker death." Id. at 22. Plaintiff alleges he succumbed to Defendant Garcia's

13 threats and was "bleeding out" before Sgt. Spangler found him. Id. at 24. As a result, Plaintiff

14 contends he received four to six stitches on his wrist and surgery to remove the razor from his

15 stomach. See id. at 24, 31 Plaintiff alleges the Defendant's actions caused lasting physical and

16 psychological damages. See id. at 30.

17

18               **II.  DISCUSSION**

19               The Court finds that Plaintiff's second amended complaint states plausible claims

20 for relief as follows: (1) Eighth Amendment excessive force claims as alleged in Claim I against

21 Defendants Garcia, Burns, Jackson, Yang, and Lazo; (2) PREA claims as alleged in Claim II

22 against Defendants Lazo, Yang, Figueroa, and Jackson; (3) First Amendment retaliation claims as

23 alleged in Claim III against Defendants Thomas and Ramos; and (4) Eighth Amendment claim

24 based on harassment as alleged in Claim III against Defendant Garcia.  As explained below, the

25 amended complaint otherwise suffers from two key defects.  First, Plaintiff has not alleged facts

26 sufficient to establish a causal link between any of the named supervisory defendants (Eldridge,

27 Burton, Weinholtz, Ratliff, Horton, Gipson, McComber, and Mosley) and a violation of

28 Plaintiff's constitutional or statutory rights.  Second, Defendant California Department of

1 Corrections and Rehabilitation is immune from suit under the Eleventh Amendment.  Plaintiff

2 will be provided leave to amend as to his claims against supervisory defendants.

3     **A.**    <u>**Supervisory Liability**</u>

4     Supervisory personnel are generally not liable under § 1983 for the actions of their

5 employees.  See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

6 respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

7 violations of subordinates if the supervisor participated in or directed the violations.  <u>See</u> <u>id.</u>

8 Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

9 of constitutional rights and the moving force behind a constitutional violation may be liable even

10 where such personnel do not overtly participate in the offensive act.  See <u>Redman v. Cnty of San</u>

11 <u>Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisory defendant may also be

12 liable where he or she knew of constitutional violations but failed to act to prevent them.  See

13 <u>Taylor</u>, 880 F.2d at 1045; <u>see also</u> <u>Starr v. Baca</u>, 633 F.3d 1191, 1209 (9th Cir. 2011).

14     When a defendant holds a supervisory position, the causal link between such

15 defendant and the claimed constitutional violation must be specifically alleged.  See <u>Fayle v.</u>

16 <u>Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir.

17 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

18 civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

19 Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

20 official's own individual actions, has violated the constitution."  See <u>Ashcroft v. Iqbal</u>, 556 U.S.

21 662, 676 (2009).

22     Here, Plaintiff names a number of defendants who hold supervisory roles –

23 Eldridge, Burton, Weinholtz, Ratliff, Horton, Gipson, McComber, and Mosley.  Plaintiff has not,

24 however, included any specific allegations as to these defendants' role in an alleged violation of

25 Plaintiff's constitutional or statutory rights.  Plaintiff will be provided leave to amend.

26 / / /

27 / / /

28 / / /

1    **B.    Eleventh Amendment Immunity**

2           The Eleventh Amendment prohibits federal courts from hearing suits brought

3    against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

4    Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

5    extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

6    of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

7    Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

8    agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

9    (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

10          Plaintiff names the California Department of Corrections and Rehabilitation

11   (CDCR) as a defendant.  Because CDCR is California's department responsible for incarceration

12   and correction of prisoners, it is immune from suit under the Eleventh Amendment.

13

14                                  **III.  CONCLUSION**

15          Because it is possible that some of the deficiencies identified in this order may be

16   cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203

17   F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

18   amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

19   1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

20   prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

21   amended complaint must be complete in itself without reference to any prior pleading.  See id.

22          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

23   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

24   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

25   each named defendant is involved and must set forth some affirmative link or connection between

26   each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

27   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28   / / /

1             Because the complaint appears to otherwise state cognizable claims, if no amended

2    complaint is filed within the time allowed therefor, the Court will issue findings and

3    recommendations that the claims identified herein as defective be dismissed, as well as such

4    further orders as are necessary for service of process as to the cognizable claims.

5             Accordingly, IT IS HEREBY ORDERED as follows:

6             1.      Plaintiff's motions for a screening order, ECF Nos. 122, 123, 124, 126,

7    127, 131, 132, and 133, are GRANTED.

8             2.      Plaintiff may file a third amended complaint consistent with the above

9    directions within 30 days of the date of service of this order.

Dated:  July 15, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE