IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No. 2:20-CV-0399-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| P. GARCIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On July 16, 2025, the Court issued an order addressing the sufficiency of Plaintiff's amended complaint at ECF No. 110. See ECF No. 134. The Court determined as follows:

> The Court finds that Plaintiff's second amended complaint states plausible claims for relief as follows: (1) Eighth Amendment excessive force claims as alleged in Claim I against Defendants Garcia, Burns, Jackson, Yang, and Lazo; (2) PREA claims as alleged in Claim II against Defendants Lazo, Yang, Figueroa, and Jackson; (3) First Amendment retaliation claims as alleged in Claim III against Defendants Thomas and Ramos; and (4) Eighth Amendment claim based on harassment as alleged in Claim III against Defendant Garcia. As explained below, the amended complaint otherwise suffers from two key defects. First, Plaintiff has not alleged facts sufficient to establish a causal link between any of the named supervisory defendants (Eldridge, Burton, Weinholtz, Ratliff, Horton, Gipson, McComber, and Mosley) and a violation of Plaintiff's constitutional or statutory rights. Second,

1

Defendant California Department of Corrections and Rehabilitation is immune from suit under the Eleventh Amendment. Plaintiff will be provided leave to amend as to his claims against supervisory defendants.

Id. at 4-5.

Plaintiff was provided with an opportunity to file a further amended complaint to address the defects identified in the Court's order and cautioned that if no further amended complaint was filed within the time permitted therefor, the Court would direct that this action proceed on the cognizable claims identified in the July 16, 2025, order and would recommend dismissal of the remaining defendants. See id. at 6-7. On July 21, 2025, Plaintiff filed a document entitled "Motion to proceed on Only Cognizable Claims Found in Screening Order." ECF No. 135. The Court will construe Plaintiff's filing as a request for voluntary dismissal of the claims and defendants identified as defective in the July 16, 2025, order. By separate order, the Court will direct service on the remaining defendants.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's July 21, 2025, filing, ECF No. 135, is construed as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2. Plaintiff's request for voluntary dismissal is approved.

3. Defendants Eldridge, Burton, Weinholtz, Ratliff, Horton, Gipson, McComber, Mosley, and California Department of Corrections and Rehabilitation are dismissed on Plaintiff's notice.

4. This action proceeds against Defendants Garcia, Burns, Jackson, Yang, Lazo, Figueroa, Thomas, and Ramos.

5. The Clerk of the Court is directed update the docket to terminate "Barun" as a defendant.

6. The Clerk of the Court is directed update the docket to add the following as defendants: Burns, Thomas, and Ramos as defendants.

Dated: July 30, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE