**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DARONTA TYRONE LEWIS,

  Plaintiff,

  v.

P. GARCIA, et al.,

  Defendants.

No.  2:20-CV-0399-TLN-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to disqualify the undersigned. See ECF No. 182.

Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the primary case interpreting § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may

1

prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

Here, Plaintiff's motion does not present facts which would fairly support an allegation of bias based on an extrajudicial source.  Instead, Plaintiff appears to cite delay in ruling on his various motions.  The Court finds that this is not a proper basis for disqualification particularly given, as here, the delay in resolving Plaintiff's motions has resulted from the sheer volume of Plaintiff's filings.  In this regard, the Court notes that, since August 6, 2025, Plaintiff has filed approximately 35 separate motions which has required the Court to expend considerable time to organize and resolve.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to disqualify the undersigned, ECF No. 182, is denied.

Dated:  February 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2