**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No.  2:20-CV-0399-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| P. GARCIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Addressed in this order are the following pending motions: (1) Plaintiff's motion to proceed on cognizable claims, ECF No. 136; (2) Plaintiff's motions for leave to amend and/or supplement the operative second amended complaint, ECF Nos. 145 and 186; (3) Plaintiff's motions for the appointment of counsel, ECF Nos. 151 and 209; (4) Plaintiff's motion to refund fees, ECF No. 160; and (5) Plaintiff's motion for issuance of a scheduling order, ECF Nos. 216 and 218.

Plaintiff's motion to proceed on cognizable claims at ECF No. 136 is duplicative of his previous motion at ECF No. 135, which was construed and approved as a request for voluntary dismissal of claims identified by the Court as defective.  The current motion will be denied as duplicative.

/ / /

1

Next, Plaintiff has filed separate motions to both amend and supplement the operative second amended complaint. See ECF Nos. 145 and 186. These motions will be denied because neither is accompanied by a proposed amended and/or supplemental complaint as required under this Court's local rules. See E. Dist. Cal. Local Rule 137(c).

Next, turning to Plaintiff's motions for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff's motions will be denied because the Court does not at this time find the required exceptional circumstances. Plaintiff states that the appointment of counsel is warranted because the case involves complex medical issues. See ECF Nos. 151 and 209. The Court does not agree. This case proceeds on a claims of excessive force, violation of the Prison Rape Elimination Act (PREA), retaliation, and harassment. These claims are not legally complex and, at this stage of the proceedings before any discovery has been conducted, the Court cannot say that the claims present factual complexity. Moreover, a review of the docket and Plaintiff's numerous and frequent filings indicates that Plaintiff has been able to articulate his claims on his own.

Next, Plaintiff seeks an order refunding $44.50 he paid in fees to the Clerk of the Court to obtain a copy of his second amended complaint at ECF No. 110.  See ECF No. 160. According to Plaintiff, he paid the fees but never received a copy of the second amended complaint.  See id.  Plaintiff has provided documentation indicating that $44.50 was deducted from his prison trust account on August 28, 2025, with a check being sent to the Court.  See id. On Plaintiff's representation that he never received a copy of the second amended complaint, the Court will direct that another copy be sent to Plaintiff at no additional charge.  Plaintiff's motion for a refund will otherwise be denied.

Finally, Plaintiff's requests for a scheduling order, ECF Nos. 216 and 218, will be denied as unnecessary.  This case is now at issue with the filing of an answer to Plaintiff's second amended complaint on December 23, 2025, and, by separate order, the Court will refer this matter for an early settlement conference.  If the matter is not resolved at a settlement conference, the Court will issue a scheduling order.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motion to proceed on cognizable claims, ECF No. 136, is denied as duplicative.

2.      Plaintiff's motion for leave to file an amended complaint, ECF No. 145, is denied.

3.      Plaintiff's motion for leave to file a supplemental complaint, ECF No. 186, is denied.

4.      Plaintiff's motions for the appointment of counsel, ECF Nos. 151 and 209, are denied.

5.      Plaintiff's motion for refund of fees, ECF No. 160, is denied.

6.      The Clerk of the Court is directed to forward to Plaintiff with this order a copy of the second amended complaint at ECF No. 110.

/ / /

/ / /

/ / /

7.    Plaintiff's motions for a scheduling order, ECF Nos. 216 and 218, are denied as unnecessary.

Dated:  February 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE