**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARONTA TYRONE LEWIS, | No.  2:20-CV-0399-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| P. GARCIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On February 11, 2026, the Court issued an order referring this matter to alternative dispute resolution and staying proceedings for 120 days.  See ECF No. 226.  That order provided that, while the action was stayed, no pleadings or motions may be filed other than a motion to opt-out of alternative dispute resolution, which was due within 45 days of the date of the order. See id.  Defendants timely filed an opt-out motion, see ECF No. 233, which the Court granted on March 30, 2026, see ECF No. 235.  That order also lifted the stay of proceedings and indicated that a discovery and scheduling order would issue separately.  See id.

/ / /

/ / /

/ / /

1

Pending before the Court are the following motions filed before the stay of proceedings was imposed on February 11, 2026: (1) Plaintiff's motions for a refund of filings fees, see ECF Nos. 211 and 213; (2) Plaintiff's motion to exceed discovery limits, see ECF No. 217, which Defendants have moved to strike, see ECF No. 219; and (3) Plaintiff's motion for issuance of a discovery and scheduling order, see ECF No. 224.  Also before the Court are the following motions filed while the stay of proceedings was in place: (1) Plaintiff's motion for appointment of counsel, see ECF No. 229; (2) Plaintiff's motion to strike, see ECF No. 232; and (3) Plaintiff's motion for a ruling on his motion to strike at ECF No. 232, see ECF No. 234.

Plaintiff's motions filed while the stay of proceedings was in place between February 11, 2026, and March 30, 2026, ECF Nos. 229, 232, and 234, will be stricken as improperly filed in violation of the Court's order imposing a temporary stay of proceedings.

Turning to Plaintiff's motions filed before the stay of proceedings was imposed, the Court first addressed Plaintiff's motions at ECF Nos. 211 and 213 requesting a refund of filing fees.  In his motions, Plaintiff states that he has been overcharged filing fees in this case. See ECF Nos. 211 and 213.  Specifically, Plaintiff notes that he has been charged the filing fees for this action -- $350.00.  See id.  Plaintiff argues that he was overcharged a second filing fee for $505.00.  See id.  A review of the documentation attached to Plaintiff's motions, as well as the docket for this case, reflects that Plaintiff has not been overcharged.  In particular, Plaintiff was appropriate charged a separate filing fee of $505.00 incident to an interlocutory appeal Plaintiff previously filed in this case.  See ECF No. 15 (notice of appeal).  Plaintiff's motions for a refund will be denied.

Next, Plaintiff has filed a motion to exceed discovery limitations.  See ECF No. 217. Defendants move to strike this filing as premature.  See ECF No. 219.  Defendants also opposed the motion on the merits.  See id.  In his motion, Plaintiff seeks an order permitting him to serve interrogatories and requests for admissions beyond the limits allowed under the Federal Rules of Civil Procedure.  See ECF No 217.  The Court agrees with Defendants that Plaintiff has not shown why the standard number of discovery requests allowed under the rules is inadequate for this case.  Pro se litigants bear the burden of demonstrating that they have good cause to

propound this additional discovery. See McClellan v. Kern Cnty. Sheriff's Off., 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015). Motions to expand the number of requests for admission are also subject to the good cause standard. See Zavala v. Rios, 2015 WL 1236172, at *18 (E.D. Cal. Mar. 17, 2015). "The 'good cause' standard focuses primarily on the diligence of the party seeking" additional discovery. Id. Here, Plaintiff cannot at this time meet the good cause standard because discovery has not yet opened and, thus, he cannot show how diligence in pursuing discovery within the standard discovery limits necessitates additional discovery beyond those limits. Plaintiff's motion will be denied without prejudice. Defendants' motion to strike will be denied as moot.

Finally, Plaintiff has filed a motion asking that the Court issue a discovery and scheduling order. See ECF No. 224. This motion will be granted. The Court will issue a discovery and scheduling order separately.

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motion filed while the temporary stay of proceedings was in place, ECF Nos. 229, 232, and 234, are STRICKEN as having been filed in violation of the Court's February 11, 2026, order.

2.      Plaintiff's motions for a refund of filing fees, ECF Nos. 211 and 213, are DENIED.

3.      Plaintiff's motion to exceed discovery limitations, ECF No. 217, is DENIED without prejudice.

4.      Defendants' motion to strike, ECF No. 219, is DENIED as moot.

5.      Plaintiff's motion for issuance of a discovery and scheduling order, ECF No. 224, is GRANTED.

Dated:  April 6, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3